J. H. SIMMONS ET AL. v. GOLDSBORO LUMBER COMPANY, W. A.
WIMSATT ET AL.

(Filed 20 March, 1918.)

**Instructions—Deeds and Conveyances—Title—Adverse Possession.**

In an action to recover land where there is evidence that defendant
had been in adverse possession under color of title for a sufficient time
and the jury has so found under proper instructions from the court, it
is not error by the judge to treat as invalid a deed with which the defend-
ant has not connected his paper title.

APPEAL by plaintiffs from *Stacy, J.,* at April Term, 1917, of JONES.

*W. D. McIver and R. A. Nunn for plaintiffs.*
*A. D. Ward, Thomas D. Warren, J. K. Warren, and A. D. MacLean
for defendants.*

CLARK, C. J. The complaint alleges title to seven adjoining tracts of
land, numbered from 1 to 7. The plaintiffs claim under Thomas Hall
and attempted to deraign title by introducing certain grants to Kedar
Knight and deeds to Thomas Hall and also some of the deeds in Wim-
satt's title to prove the common source. The plaintiff White testified
that he was one of the heirs of Thomas Hall, had lived in Jones County
all of his life and that so far as he knew none of the heirs of Hall had
ever had possession of the land, or paid taxes on it, or asserted any other
right to it, in consequence of which he and his associate Simmons had
obtained a deed from the other heirs in 1913 for $50, although the land
was worth at least a hundred times that sum. All the evidence corrob-
orated these particulars.

No question of boundary is involved and the correct location of each
tract by the court surveyor as shown on his maps is admitted. There
are seven tracts shown on the map, numbered 1 to 7, inclusive, but ad-
joining No. 3 is a triangle of 30 acres at its southwest corner which is
separated from No. 3, thus making eight tracts in all. These tracts
may be grouped in two, according to their source of title, *i. e.,* tracts 1,
2, the triangle to 3, 5, 6, and 7 are known as the "Williamson" or "Whit-
ford" land, and tracts 4 and 3 (except the 30-acre triangle adjoining
No. 3) as the "Foy" land.

As to the above tracts known as the Williamson or Whitford land, the
defendants' record of title is based on a deed from Brown to William-
son in 1853, and descent from Williamson to his two daughters who
married John N. and Hardy Whitford, the division between Hardy
Whitford and the children of John N. in which this land was allotted
to them and his widow, who in 1893 conveyed to Smith and Moore, who

in 1902 conveyed the same to defendant Wimsatt. As to tract 4, the defendants' record of title is based on deeds from Hatch, Sheriff, under execution against John Simmons to Stanley in 1824, Stanley to Jarman in 1825, Jarman to Frees in 1826, which tract was conveyed by Clerk and Master in Equity to Foscue in 1860, Foscue to Foy in 1862, who conveyed to Wimsatt in 1902.

Tract No. 3, except the triangular piece, was devised to John Foy in 1803 and passed by a succession of mesne conveyances to the defendant Wimsatt in 1903. The above chains of title are set out in the record, and so far as they fall short of a perfect paper title, the defendants rely upon color and possession, of which the proof is sufficient and conclusive, and the court would have been warranted in instructing the jury to find for the defendants. The only doubt as to sufficiency of possession is as to Tract No. 1, and there trees were worked for turpentine. However, the issue, "Are plaintiffs the owners of any part of the land described in the complaint, and if so, what part?" was submitted under instructions presenting fully and fairly every phase of the evidence to the jury, who returned their verdict in favor of the defendants.

Upon examination of the exceptions, we find nothing requiring discussion except it may be exceptions 17 and 27, to the court's refusal to charge, "The deed of Lemuel Hatch, Sheriff, to John Simmons, dated 2 January, 1820, is void on its face." The plaintiffs claim that this deed purports to be made by authority of a *fieri facias* bearing test second Monday in September, 1819, and returnable to the next term on second Monday in December, while the deed recites that the sale was made 31 December, which was more than six days after the second Monday in December and therefore after the adjournment of that term.

The defendants, however, do not connect themselves with this deed, and it is immaterial whether it be color of title or not. The court did not refer to this deed in its charge, but treated it as invalid by instructing the jury that they should find that the plaintiffs were the owners of the land unless defendants established title by color and possession. The jury so found, and that necessarily disposes of exceptions 17 and 27.

After examination in detail of all the assignments of error, we find nothing of which the plaintiffs can complain. There has been, as found by the jury under a very careful and full instruction from the court, possession by the defendants of each of the tracts under color of title for more than the statutory period.

No error.